UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
AMERICAN MEDICAL DISTRIBUTORS, INC.,

                        Plaintiff,

        -against-

SATURNA GROUP CHARTERED ACCOUNTANTS,
LLP, PLS, CPAS, and MACDONALD TUSKEY,

                        Defendants.
---------------------------------------------------------------X

Case No. 15-CV-06532
(ADS)(ARL)


**MEMORANDUM IN SUPPORT OF DEFENDANT PLS CPA'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2), OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER
THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA**

## INTRODUCTION

Defendant, PLS, CPAS ("PLS"), submit this memorandum in support of its motion to dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative to transfer this action to the United States District Court for the Southern District of California. First are foremost, and as more fully discussed below, Plaintiff failed to assert personal jurisdiction over PLS. Further, this motion to transfer is made pursuant to 28 U.S.C. §1404(a) which provides the authority for a district court to transfer a civil action, for the convenience of the parties and witnesses and in the interest of justice, to any other district or division where the action may have been brought.

In the present case, all of the factors considered in determining whether to transfer an action to another forum heavily weigh in favor of transferring this case to the Southern District of California. The Defendants reside in the Southern District of California, many of the witnesses reside in the Southern District of California, and a significant amount of the physical evidence in this case is located within the Southern District of California. The Southern District of California consists of the following counties: Imperial and San Diego. These counties, particularly San Diego County where PLS is located, comprise the locus of operative facts in this case. This action was commenced by Plaintiff, American Medical Distributors ("AMD"), filing a Complaint on November 16, 2015.

As set forth more fully below, transfer of this action to the Southern District of California would further the convenience of the both the parties and witnesses, and would further the interests of justice.

## FACTS

Both of the named Defendants in this case reside in the Southern District of California. Defendant, PLS, is a Professional Corporation duly organized and existing under the laws of the

State of California, engaged in the business of providing professional certified public accounting services (Park Decl. ¶ 2). PLS is located at 4725 Mercury Street, Suite 210, San Diego, California where its principal office is located and this location is the only location where PLS does business. (Park Decl. ¶3).

Plaintiff, AMD, is a corporation, organized and exiting under the laws of the State of New York, with its principal place of business located at 265 Sunrise Highway, Rockville Centre, County of Nassau, State of New York. (D.E. 1, ¶3).

Redhawk Holdings Corp. formerly known as Independence Energy Corp. ("IEC"), was a corporation organized and existed under the laws of the State of Nevada, with its principal of business located at 3020 Old Ranch Parkway, Seal Beach, California. (Park Decl. ¶7). PLS CPA was retained by IDNG as its independent registered public accounting firm to audit its books, financial statements, consolidated balance sheets, statements of operations, shareholder's equity and cash flows, and to express an independent opinion on these financial statements based on its audits. (D.E. 1, ¶16).

All of the facts relating to the negotiation and execution of the contract between IDNG and PLS took place in the Southern District of California.

## ARGUMENT

**I.   THE COMPLAINT AGAINST DEFENDANT PLS CPAS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR A LACK OF PERSONAL JURISDICTION.**

The Court may exercise personal jurisdiction over a defendant only if doing so comports with due process. The ground rules are well known. Each defendant's contacts with the forum must be assessed individually, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984), and independently of allegations of liability, City of Monroe Employ. Ret. Sys. v. Bridgestone

Corp., 399 F.3d 651, 667 (6th Cir. 2005). Plaintiffs bear the burden of making a prima facie showing of facts that, if credited by the Court, would suffice to establish jurisdiction. See Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566-67 (2d Cir. 1996). In addition, Plaintiffs must allege specific facts supporting personal jurisdiction; they may not rely upon conclusory allegations. In re AstraZeneca Sec. Litig., 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008). Plaintiffs have failed to meet this burden.

PLS is a Professional Corporation duly organized and existing under the laws of the State of California. PLS is located at 4725 Mercury Street, Suite 210, San Diego, California where its principal office is located and this location is the only location where it does business. PLS has never been licensed in the State of New York. None of defendant PLS's officers or directors reside in or are domiciled in the State of New York. PLS does not have a branch office in the State of New York. None of PLS's employees work or live in the State of New York. PLS has not entered into any contract to any person or entity in the State of New York to provide accounting services to persons or entities in the State of New York.

Moreover, PLS does not have an address, bank account, telephone number, or any personal or real property in the State of New York. PLS does not direct any of its advertising, specifically to New York residents, nor does it advertise in publications that are directed primarily toward New York residents. PLS was engaged to provide auditing services to IEC, a Nevada Corporation. None of PLS's board meetings have been in New York and none of its officers have attended business conferences or similar functions within the state. None of PLS's clients are domiciled in the State of New York.  Thus, New York lacks jurisdiction over Defendant, PLS, and maintaining venue in New York would be prejudicial over the Defendant.

**II.    IN THE ALTERNATIVE, THE INSTANT LITIGATION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.**

A federal district court may transfer a civil action to "any other district or division where it might have been brought" when that transfer will serve "the convenience of the parties or witnesses" or further "the interests of justice." 28 U.S.C. §1404(a). The goal of §1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964) (citations omitted.) The inquiry on a motion to transfer is two-fold.   As explained in <u>Wilshire Credit Corp. v. Barrett Capital Management</u>, 976 F.Supp. 174, 180 (W.D.N.Y 1997):

> The court must determine whether the action sought to be transferred is one that "might have been brought" in the transferee court. Second, the court must determine whether, considering the "convenience of the parties and witnesses" and the "interest of justice," a transfer is appropriate. (Citation omitted.)

As further discussed below, both of these factors are satisfied in this case. Thus, PLS CPA's motion to transfer venue from the Eastern District of New York to the Southern District of California should be granted.

**A.    <u>This Action Could Have Been Brought in the Transferee District</u>**

The threshold question in a transfer motion is whether the action could have been brought in the district to which transfer is proposed. The issue is whether venue would be proper in the transferee court under 28 U.S.C. §1391. <u>Arrow Electronics, Inc. v. Ducommun Inc.</u>, 724 F.Supp. 264, 265-266 (S.D.N.Y. 1989). In this case, there is no question that this action could have been originally brought in the transferee district, i.e., Southern District of California.  Defendant, PLS, is a California corporation with its principal place of business in San Diego, San Diego County,

California. PLS is located at 4725 Mercury Street, Suite 210, San Diego, California where its principal office is located and this location is the only location where PLS does business. PLS has never been licensed in the State of New York. None of PLS's officers or directors reside in or are domiciled in the State of New York. PLS CPA does not have a branch office in the State of New York. None of PLS's employees work or live in the State of New York. PLS has not entered into any contract to any person or entity in the State of New York to provide accounting services to persons or entities in the State of New York.  Furthermore, PLS has not entered into any contract to any person or entity in the State of New York to provide accounting services to persons or entities in the State of New York. PLS does not have an address, bank account, telephone number or any personal or real property in the State of New York. PLS does not direct any of its advertising specifically to New York residents, nor does it advertise in publications that are directed primarily toward New York residents. Therefore, venue would also be proper in the Central District of California under 28 U.S.C. §1391(b)(2).

    **B.**    <u>**Transfer to California Will Further the Convenience of the Witness and the Interests of Justice**</u>

The only issue is whether transfer to the Southern District of California would serve the convenience of the parties and witness, and be in the interests of justice. In this case, both interests would be served. In order to determine this question, courts look to several factors including: (1) the place where the operative facts occurred, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access of proof, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law; (8) trial efficiency and the interests of justice. <u>Coker v. Bank of America</u>, 984 F.Supp. 757, 764 (S.D.N.Y. 1997).  In the case at bar, these factors weigh decidedly in favor of transferring the case to the Southern District of California.

1.    **The Locus of the Operative Facts Occurred In the Southern District Of California**

None of the acts or omissions for which PLS are sought to be held liable for in paragraphs 44 through 53 of the complaint occurred in the State of New York. Thus, the principal events surrounding this litigation clearly establish that the center of gravity of the litigation is California, specifically the Southern District of California.

2.    **Convenience of the Parties**

PLS is a Professional Corporation duly organized and existing under the laws of the State of California. PL is located at 4725 Mercury Street, Suite 210, San Diego, California where its principal office is located and this location is the only location where PLS does business. It would be unreasonable to require PLS to defend this case in the State of New York when it has no contacts with the State of New York and the evidence and records in this case are situated in the State of California. Though AMD did not choose to sue IEC, all of its records are located approximately 90 miles from the District Court for the Southern District of California. All of PLS's employees and records are located in San Diego, California within 30 miles of the District Court.

Litigation in New York places a great burden on PLS, as it must retain counsel in New York, it will have to respond to all matters in New York, and to travel to New York for court appearances and depositions, all at great cost and inconvenience. It is likely that Chang G. Park and Yong Yun Lee will be required to attend proceedings in New York and travel to and from New York for depositions, court hearings and trial. Each time they are required to travel to New York it is anticipated that transportation and lodging expenses will be $1,500.00 per day each. Each day Chang G. Park and Yong Yun Lee are required to be in or travel to and from New York they are unable to work for and provide necessary services to the clients of PLS resulting in lost income. Thus, the convenience of the parties clearly weighs in favor of venue in Southern

California.

### 3.     Convenience of the Witnesses

"The 'core determination' under §1404(a) is 'the center of gravity of the litigation, a key test of which is the convenience of the witnesses… Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district.' " Clay Paky v. Vari-lite, Inc., 2000 WL 977709 at *7 (S.D.N.Y. 2000) (BSJ), citing Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F.Supp. 858, 868 (S.D.N.Y. 1991).

We believe that two critical third party witnesses are located in southern California, Daniel Schreiber, who was appointed a member of the board of directors of IEC on March 26, 2014. His testimony is critical concerning when the decision was made to not renew the leases the company held, and how and when that information was provided to the parties. We are aware that one of his addresses is 4660 La Jolla Village Drive, Suite 500, San Diego, CA 92122. Furthermore, Gregory Rotelli was the sole director and chief executive officer of IEC until March 21, 2014. His address is 12340 Seal Beach Blvd. 8190, Seal Beach, CA 90740. His testimony is critical to this case. During the relevant time period, he would have been the person with knowledge of the leases, communication between IEC and the leasors, offers to renew the leases, the reasons to renew or not, the financial aspects of renewing the leases, and all events central to the controversy presented in this case. IEC's principal place of business is at 3020 Old Ranch Parkway, Suite 300, Seal Beach, CA 90740. Other witnesses presently unknown that were affiliated with IEC may be located within southern California as well. Thus, the Southern District of California is a much more convenient forum for the vast majority of witnesses likely to be called at trial

### 4.     The  Relative Ease of Access to Sources of Proof

All of PLS's documents relating to this case are located at the offices of PLS in San Diego,

California.

**5.    The Availability of Process to Compel the Attendance of Unwilling Witnesses**

"The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." Arrow Electronics, 724 F.Supp. at 266. Rule 45 of the Federal Rules of Civil Procedure provides the district courts limited enforcement rights concerning subpoenas. Under that rule, a district court can enforce a trial subpoena served on a witness within the judicial district of the court, or within 100 miles of the court. See, Fed.R.Civ.P. 45(b)(2) & (e); Billing v. Commerce One Inc., 186 F.Supp.2d 375, 378-379 (S.D.N.Y. 2002).

In this case, many of the third-party witnesses discussed above are located in counties over which the Southern District of California has jurisdiction. In addition, many of these third- party witnesses may testify at trial regarding facts that would be important to the outcome of this lawsuit. Accordingly, to the extent that these third-party witnesses are not willing to testify, the Southern District of California could compel their presence at trial.

**6.    Plaintiffs' Choice of Forum**

The Courts have held that when the connection between the forum and the facts and issues in the case is minimal a court need not give great weight to the plaintiff's choice of forum. Coker, 984 F.Supp. at 766. The choice of forum is also entitled to lesser weight if the chosen forum is not the plaintiff's residence. Billing at 186 F.Supp.2d at 377. The sole reason this case is in New York is that the Plaintiff resides in New York. None of the acts complained of occurred in New York and none of the Defendant parties are located in New York. In light of the very minimal connection between this action and the Eastern District of New York, AMD's choice of venue should be given very little weight and not impede transfer to California.

**7.**     **The Forum's Familiarity with the Governing Law**

The forum state's choice of law rules decide which state's law applies. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021 (1941). With respect to tort actions, New York calls for application of the law of the forum with the greater interest in the adjudication. See, Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998). The question of which forum has the greater interest is determined with reference to the facts or contacts that relate to the purpose of the particular laws in conflict, which facts or contacts are "almost exclusively the parties' domiciles and the locus of the tort." Id.

In contract cases, New York courts apply a "center of gravity" or "grouping of contacts" approach." Mark Andrew of Palm Beaches v. GMAC Commercial Mortgage Corp., 265 F.Supp.2d 366, 377 (S.D.N.Y. 2003), quoting Brink's Ltd. v. South African Airways, 93 F.3d 1022 (2d Cir. 1996).

> Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of the business of the contracting parties…The traditional choice of law factors, the places of contracting and performance, are given the heaviest weight in this analysis. Id.

In this case, there is no question that California is the center of gravity in this action and has the greater interest in this action. As stated above, this action centers around an agreement that was negotiated in California and executed in California. In addition, the activities of the parties pursuant to the agreement took place in California. Furthermore, the Defendants are domiciled in California. Thus, for claims lying in tort or contract California law should apply. The courts have found that a district court is presumably more familiar with the state law in which it sits. Howard v. Four Seasons Hotels, 1997 WL 107633 at *3 (S.D.N.Y. 1997). Such familiarity supports transferring a case to the district whose state law will apply. Id. Since California law would govern

this case, this is another factor weighing in favor of transfer to California.

    **8.**    <u>**Trial Efficiency and the Interests of Justice**</u>

Transfer of this action to the Southern District of California would serve the interests of trial efficiency and the interests of justice. As stated above, the vast majority of witnesses to be called at the trial of this action are located in California, including PLS. A significant amount of the physical evidence to be presented at trial is located in California. Thus, the interests of trial efficiency dictate transfer to the Southern District of California. This case has no real connection with the Eastern District of New York. Accordingly, the interests of justice would be served by the transfer this case to the Southern District of California.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants respectfully request that their motion to dismiss pursuant to Fed. R. Civ. 12(b)(2) for lack of personal jurisdiction or, in the alternative, transferring venue to the United Stated District Court for the Southern District of California pursuant to 28 U.S.C. 1404(a), along with such other and further relief as this Court deems just and proper.

 Dated: January 13, 2016

                        HANTMAN & ASSOCIATES
                        Attorneys for Defendant PLS CPAs

                        By: <u>/s/ Robert J. Hantman</u>
                        Robert J. Hantman, Esq.
                        1120 Avenue of the Americas, 4th Floor
                        New York, NY 10036
                        Tel: (212) 684-3933
                        Fax: (646) 380-3299
                        rhantman@hantmanlaw.com